**PURITRON CORPORATION OF NEW HAVEN, Plaintiff,**

v.

**SILO, INC., Defendant.**

**Civ. A. No. 26583.**

United States District Court
E. D. Pennsylvania.

Dec. 4, 1959.

William R. Pomerantz, Barnie F. Winkelman, Philadelphia, Pa., for plaintiff.

Harold J. Elkman, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This is an action brought under the Pennsylvania Fair Trade Act to permanently enjoin the defendant from selling Puritron air purifiers below the established minimum retail prices. The pertinent provisions of the Fair Trade Act provide, *inter alia:*

"§ 7. No contract [relating to the sale of a commodity bearing a brand

name] shall be deemed in violation of any law of the State of Pennsylvania by reason of any of the following provisions which may be contained in such contract:

"(a) That the buyer will not re-sell such commodity, except at the price stipulated by the vendor * * *"

"§ 8. Wilfully and knowingly advertising, offering for sale, or selling any commodity at less than the *price stipulated in any contract* entered into pursuant to the provisions of section one of this act, *whether the person so advertising, offering for sale, or selling is, or is not, a party to such contract, is unfair competition* and is actionable at the suit of such vendor * * * of such commodity * * *." (Emphasis supplied.) Pa.Stat.Ann., Tit. 73, Sections 7 and 8 (Purdon, 1958 Supp.).

The defendant admitted that it had knowingly sold Puritron air purifiers at prices below those stipulated by plaintiff as retail prices. However, the defendant has contended that the plaintiff has no right to maintain this action because plaintiff failed to aver and prove a contract with any retailer in the Philadelphia area whereby the retailer is bound to sell, and does sell, Puritron air purifiers at plaintiff's dictated prices.

█ If defendant is correct in its contention that there was no fair trade contract in effect between plaintiff and any retailer in the Philadelphia area, then plaintiff may not by this suit prevent defendant from selling Puritron air purifiers at any price defendant selects.

██ The purpose of the Fair Trade Act is to prevent "unfair competition" between retailers of a brand-name commodity. The Act specifically defines "unfair competition" as the situation in which one or more retailers are contractually bound by agreement with their vendor not to sell a commodity below a given price, and another retailer, not so contractually bound, sells below that price. If this practice were permitted, the vendor of the commodity obviously could not maintain its retail price. The retailers bound by the contract would be forced to lower their prices, thus breaching the contract, in order to compete with the price-cutting retailer. It is quite clear that "unfair competition" cannot exist, then, unless one or more retailers are shown to be selling the brand-name commodity at prices established by the vendor in a fair trade contract with that retailer or retailers.

In the case at bar, the plaintiff attached to the complaint a copy of what purports[1] to be an existing contract with a local retailer, Gerhard's, whereby minimum retail prices for Puritron air purifiers are established. However, plaintiff did not prove to the satisfaction of the Court that *any* sales of Puritron air purifiers were ever made by Gerhard's pursuant to the fair trade contract. The only evidence offered by plaintiff in this regard was the testimony of a distributor of plaintiff's products, who said that he sold to a wholesale distributing company which company informed him that it sold to Gerhard's.

█ Plaintiff failed to prove any sales of Puritron air purifiers pursuant to the fair trade contract with Gerhard's. Nor did plaintiff prove the existence and operation of a fair trade contract with any other retailer. Although there was testimony by plaintiff's distributor to the effect that Gimbels had threatened to cut the minimum retail price of the air purifiers in order to compete with defendant's advertised sales, *plaintiff neither averred nor proved* that Gimbels or any other department store carrying their product were bound by any fair trade contract to sell at plaintiff's minimum price.

Having failed to prove this essential element of its case, plaintiff's request for a permanent injunction is denied.

---

1. The alleged contract was incomplete with regard to the date on which it was to go into effect.

## Order.

And Now, on this 4th day of December, 1959 It Is Ordered that the temporary injunction against the defendant is hereby dissolved and the complaint dismissed.